**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000123
14-APR-2025
08:11 AM
Dkt. 67 SO**

NO. CAAP-24-0000123

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HAWAIʻI UNITES, a 501(c)(3) NONPROFIT CORPORATION;
TINA LIA, AN INDIVIDUAL, Plaintiffs-Appellants,
v.
BOARD OF LAND AND NATURAL RESOURCES, STATE OF HAWAIʻI,
and DEPARTMENT OF LAND AND NATURAL RESOURCES,
STATE OF HAWAIʻI, Defendants-Appellees,
and
AMERICAN BIRD CONSERVANCY, Defendant-Intervenor-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-23-0000594)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Hawaiʻi Unites and Tina **Lia** (together, **Hawaiʻi Unites**) appeal from the February 6, 2024 **Final Judgment** for the Hawaiʻi Department of Land and Natural Resources (**DLNR**), the Board of Land and Natural Resources (**BLNR**), and American Bird Conservancy (**ABC**) entered by the Environmental Court of the First Circuit.[1] We hold that BLNR did not clearly err by concluding that DLNR's proposed action will not have a significant effect,[2] but DLNR's

---

[1]    The Honorable John M. Tonaki presided.

[2]    "Significant effect" means "the sum of effects on the quality of the environment, including actions that irrevocably commit a natural resource, curtail the range of beneficial uses of the environment, are contrary to the State's environmental policies or long-term environmental goals as established by law, or adversely affect the economic welfare, social welfare, or cultural practices of the community and State."  Hawaii Revised Statutes (**HRS**) § 343-2
(continued...)

final environmental assessment did not comply with Hawaii Administrative Rules (**HAR**) § 11-200.1-20(d) (2019). We vacate in part the Final Judgment and remand for the Environmental Court to order that DLNR amend the final environmental assessment to comply with HAR § 11-200.1-20(d).

Endangered species of native Hawaiian birds are threatened by avian malaria. The disease is spread by mosquitos. DLNR proposed to suppress mosquitos using the *incompatible insect technique*. During a March 24, 2023 public meeting, BLNR approved a final environmental assessment[3] (**EA**) for DLNR's proposed action and made a finding of no significant impact[4] (**FONSI**). The EA and FONSI were published on April 8, 2023.

Hawaiʻi Unites sued DLNR and BLNR (the **State**) on May 8, 2023. They sought declarations that DLNR must prepare an environmental impact statement[5] (**EIS**) for its proposed action under the Hawaii Environmental Protection Act (**HEPA**), Hawaii Revised Statutes (**HRS**) Chapter 343 (Count 1), and that BLNR violated the Hawaii Administrative Procedures Act, HRS Chapter 91 (Count 2).

The State moved to dismiss Count 2. The Environmental Court entered an order granting the motion on August 10, 2023. Hawaiʻi Unites do not challenge the dismissal of Count 2.

The State then moved for summary judgment on Count 1. ABC intervened as a defendant and joined in the motion. The

---

[2](...continued)
(2022).

[3]     An environmental assessment is "a written evaluation to determine whether an action may have a significant effect." HRS § 343-2.

[4]     "Finding of no significant impact" means "a determination based on an environmental assessment that the subject action will not have a significant effect and, therefore, will not require the preparation of an environmental impact statement." HRS § 343-2.

[5]     An environmental impact statement is "an informational document prepared in compliance with the rules adopted under [HRS] section 343-6 and which discloses the environmental effects of a proposed action, effects of a proposed action on the economic welfare, social welfare, and cultural practices of the community and State, effects of the economic activities arising out of the proposed action, measures proposed to minimize adverse effects, and alternatives to the action and their environmental effects." HRS § 343-2.

Environmental Court entered an order granting the motion and the Final Judgment on February 6, 2024.  This appeal followed.

Hawaiʻi Unites state three points of error: **(1)** the Environmental Court erred by **(a)** applying the *rule of reason* standard to BLNR's determination that the draft EA satisfied legal requirements, and **(b)** granting summary judgment when material facts were in dispute; **(2)** the Environmental Court erred by not considering additional facts presented in Hawaiʻi Unites' opposition to the State's motion for summary judgment; and **(3)** the final EA violated HAR § 11-200.1-20.  We review a grant of summary judgment de novo.  Kilakila ʻO Haleakalā v. Univ. of Haw., 138 Hawaiʻi 364, 375, 382 P.3d 176, 187 (2016).

**(1)**  **(a)**  When the Environmental Court decided the State's motion for summary judgment, the supreme court had applied the *rule of reason* standard to environmental impact statements, but not to environmental assessments.  See, e.g., Life of the Land v. Ariyoshi, 59 Haw. 156, 164, 577 P.2d 1116, 1121 (1978) (rule of reason "govern[s] a court's determination whether an EIS contains sufficient information to satisfy statutory requirements"); Price v. Obayashi Haw. Corp., 81 Hawaiʻi 171, 182, 914 P.2d 1364, 1375 (1996) ("[W]e use the 'rule of reason' to determine whether the EIS is legally sufficient in adequately disclosing facts to enable a decision-making body to render an informed decision.").  The supreme court has since applied the rule of reason to environmental assessments.  Unite Here! Local 5 v. PACREP LLC, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, No. SCAP-22-0000601, 2025 WL 573299, at *14 (Haw. Feb. 21, 2025) ("[A]lthough this case presents the question of the sufficiency of the State's compliance with regulations regarding an EA rather than an EIS, we recognize the same latitude in the HAR given to the accepting agency over EISs for EAs, and apply the same standard in evaluating EAs.").

**(b)**  Count 1 of Hawaiʻi Unites' complaint sought a declaration that BLNR violated HEPA by "failing to require an EIS

and instead accepting only an EA and FONSI."[6]  Hawaiʻi Unites argue the *clearly erroneous* standard applied to the Environmental Court's review of BLNR's decision to issue the FONSI and not require an EIS.  Their argument finds support in Kilakila.

There, the University of Hawaiʻi (**UH**) prepared an EA for a plan to manage facilities in an astronomy site in a conservation district near the summit of Haleakalā on Maui.  The EA stated the management plan would have no significant impact.  Kilakila sued UH, DLNR, and BLNR, seeking a declaratory judgment and an injunction requiring an EIS.  The parties filed cross-motions for summary judgment.  The circuit court applied the rule of reason and concluded that an EIS was not required.  Kilakila, 138 Hawaiʻi at 375, 382 P.3d at 187.  On certiorari, Kilakila argued an EIS should have been required because the EA did not consider significant impacts of a telescope's future construction.  The supreme court stated:

> [W]e conclude that the environmental assessment for the Management Plan complied with procedures under HEPA and did not fail to properly consider the Telescope Project. Because UH's **conclusion** that the Management Plan would not cause significant environmental impacts is not **clearly erroneous**, an environmental impact statement was not required.

Id. at 368, 382 P.3d at 180 (emphasis added).  The supreme court also recited this standard of review:

> For agency determinations under HEPA, **the appropriate standard of review depends on the specific question under consideration**.  Generally, a court reviews agency determinations that involve factual questions under a clearly erroneous standard.  **An agency's conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case**.  However, whether or not an agency has followed proper procedures or considered the appropriate factors in making its determination is a question of law, and will be reviewed de novo.

Id. at 375-76, 382 P.3d at 187-88 (cleaned up) (emphasis added).

---

[6]  "Upon completion of the final environmental assessment, if the reviewing agency determines that the proposed action is likely to cause a significant impact on the environment, an environmental impact statement must be prepared."  Kilakila, 138 Hawaiʻi at 370, 382 P.3d at 182.

A mixed determination of law and fact is clearly erroneous if the record lacks substantial evidence to support the determination or, despite substantial evidence to support the determination, the appellate court is left with the definite and firm conviction that a mistake has been made. <u>Unite Here!</u>, 2025 WL 573299, at *14. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. <u>Id.</u>

Hawaiʻi Unites argue that scientific studies and evidence "raised substantial questions as to whether the [incompatible insect] technique planned for use will have significant effect." They also contend the EA didn't address mitigation measures or biosecurity protocols. Mitigation was discussed in EA Chapter 2, Tables 6 and 7, Chapter 3, Table 14, and Appendix D. Biosecurity was discussed in Chapter 3 and Appendices D and H.

> [C]ourts generally grant significant weight to an agency's determinations based on technical or scientific facts. This deference arises from the fact that agencies possess and exercise subject-matter expertise and experience the courts generally lack. These qualities place agencies in a better position than the courts to evaluate scientific investigations and research. Courts are therefore hesitant to substitute their judgment for an agency's when the agency uses its expertise and experience to make a mixed determination of law and fact.

<u>Keep the N. Shore Country v. Bd. of Land & Nat. Res.</u>, 150 Hawaiʻi 486, 504, 506 P.3d 150, 168 (2022) (cleaned up); <u>see also</u> <u>Safari Club Int'l v. Haaland</u>, 31 F.4th 1157, 1173 (9th Cir. 2022) (stating "we are not a panel of scientists empowered to instruct agencies on how to choose among scientific studies, nor can we correctly order the agency to explain every possible uncertainty in scientific realms that are properly entrusted to its expertise"). BLNR's acceptance of the EA and issuance of the FONSI was supported by substantial evidence in the record. BLNR's mixed finding and conclusion that DLNR's proposed action will not have a significant effect and will not require preparation of an EIS was not clearly erroneous. The

Environmental Court did not err by granting the State's motion for summary judgment on that basis.

**(2)** Hawaiʻi Unites contend the Environmental Court erred by not considering evidence presented in their opposition to the State's motion for summary judgment — a declaration by Lia and purported printouts from www.flightaware.com. The State objected based on Lia's lack of personal knowledge and hearsay. The record doesn't include a transcript of the hearing on the State's motion,[7] but the Environmental Court's minute order states:

> [Hawaiʻi Unites] argue that the FEA did not adequately disclose or failed to address numerous issues. These arguments are based on their belief and their expert's belief. A reading of the FEA reveals that many of the alleged issues raised by [Hawaiʻi Unites] were, in fact, addressed in the FEA and that some of the potential impacts of the project were raised as mere possibilities by [Hawaiʻi Unites]. Such arguments do not establish that BLNR's acceptance of the FEA and issuance of FONSI were clearly erroneous. Kilakila ʻO Haleakala v. University of Hawaiʻi, 138 Haw. 364, 375-76 (2016).

The Environmental Court seems to have considered Lia's declaration and printout, but characterized them as raising "mere possibilities." This was neither wrong nor an abuse of discretion. Lia's declaration was not based on personal knowledge as required by Rule 602, Hawaii Rules of Evidence, Chapter 626, HRS (2016) (**HRE**). It was based on "information and belief" and her "review of what I believe to be Mosquito Release Helicopter Flight Tracking from the website flightaware.com[.]" The website printout seems to show altitude, speed, and flight route of four aircraft, identified by Federal Aviation Administration tail number. It doesn't show the type of aircraft, who owned it, who flew it, who filed the flight plan, or the purpose of the flight — which could have been an air tour. It wasn't authenticated as required by HRE Rule 901, and the information it purported to reflect was hearsay, inadmissible under HRE Rule 802, not falling within any exception. The

---

[7] Hawaiʻi Unites ordered the transcript on March 11, 2024, but no transcript has been filed.

proffered evidence was neither substantial nor probative of whether BLNR's determination — that DLNR's proposed action will not have a significant effect and will not require preparation of an EIS — was clearly erroneous.

(3)  HAR § 11-200.1-20(c) (2019) requires that a final EA respond to all timely submitted substantive comments.  HAR § 11-200.1-20(d) requires, if the proposing agency groups its comment responses under topic headings (as did DLNR here), that the names of commenters who raised an issue under a topic heading be clearly identified in a distinctly labeled section with that topic heading.  It also requires that all comments (except form letters or petitions that have identical or near-identical language and raise the same issues on the same topic) be appended in full to the final EA.  Hawaiʻi Unites contend, and the State and ABC do not contest, that DLNR's final EA did not comply with HAR § 11-200.1-20(d).

Hawaiʻi Unites request that we remand for the Environmental Court to order that DLNR amend the final EA to comply with HAR § 11-200.1-20(d).  The State points out it would be within the Environmental Court's inherent power to do so under HRS § 603-21.9(6).  ABC does not oppose the request.

The February 6, 2024 Final Judgment is vacated in part to the extent it is inconsistent with this summary disposition order.  This case is remanded to the Environmental Court.  On remand, the Environmental Court shall order that DLNR amend the final environmental assessment to comply with HAR § 11-200.1-20(d).

DATED: Honolulu, Hawaiʻi, April 14, 2025.

On the briefs:

Margaret Wille,
Timothy Vandeveer,
for Plaintiffs-Appellants.

Julie H. China,
Danica L. Swenson,
Miranda C. Steed,
Deputy Attorneys General,
State of Hawaiʻi,

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

for Board of Land and
Natural Resources, State of
Hawaiʻi and Department of
Land and Natural Resources,
State of Hawaiʻi.

Maxx Phillips,
David Kimo Frankel,
William F. Sheehan,
for Defendant-Intervenor-
Appellee American Bird
Conservancy.